ABRAHAM KING *v.* STATE OF MISSISSIPPI.

CRIMINAL LAW.　*Venue.*　*Laws* 1900, *p.* 140, *ch.* 101.　*Laborer.*　*Second contract.*

In a prosecution, under Laws 1900, p. 140, ch. 101, making it a misdemeanor for a laborer, under a written contract for service, to leave his employer without consent, before the expiration of his contract, and make a second like contract without giving notice of the first one, venue must be laid at the place of the second hiring.

FROM the circuit court of Copiah county.

HON. ROBERT POWELL, Judge.

King, appellant, was tried and convicted of a misdemeanor, violating laws 1900, p. 140, ch. 101, and appealed to the supreme court.

Appellant was under written contract to labor for an employer in Copiah county, and without his consent before the expiration of the contract hired to another person in Claiborne county, failing to inform the latter of the prior contract with the employer in Copiah county. An affidavit was made against him before a justice of the peace in Copiah county charging him with having violated chapter 101 of the laws of 1900. He was convicted, and appealed to the circuit court of said county, where he was again convicted.

The act of 1900 is as follows: "That any laborer, renter or share-cropper who has contracted with another person for a specified time in writing, not exceeding one year, who shall leave his employer or the leased premises before the expiration of his contract, without the consent of the employer or landlord, and makes a second contract without giving notice of the first to said second party, shall be guilty of a misdemeanor, and on conviction shall be fined not exceeding fifty dollars."

*Hugh B. Miller,* for appellant.

It will be observed that in order to be guilty of the crime charged, the appellant must not only have been under contract with an employer, but he must also have made a second contract of employment without giving notice of the first contract to the second employer. The record shows that appellant made a contract with Nelson, his first employer in Copiah county, and that he left Nelson in Copiah county. This is all he ever did in Copiah county, and this was not a crime.

He then went into Claiborne county, where he made a contract with Howard, the second employer. If he failed to notify Howard of the first employment, the failure, and therefore the crime, if any, was consummated in Claiborne county.

Section 1334, Code 1892, applies only when the criminal intent begins in one county and is consummated in another.

The act in question is violative of public policy, and void. It makes the laborer a mere peon.

The legislation under consideration being a criminal statute must, however, be strictly construed. *Strictisimi juris* is the rule. Sutherland on Statutory Construction, sec. 349, 350; *Thompson* v. *State,* 51 Miss., 353.

*J. N. Flowers,* assistant attorney general, for appellee.

Appellant left his employer in Copiah county with whom he was under written contract for one year, and, without the consent of his employer, hired to another person in Claiborne county without advising him of the prior contract with the Copiah man.

The point is made that the crime was committed in Claiborne county, and not in Copiah county. But it was committed partly in both counties. Leaving the first employer without his consent is as much a part of the crime as the hiring to another, who was innocent of any knowledge of the first contract. We think the question is settled by Code 1892, § 1334.

CALHOON, J., delivered the opinion of the court.

Chapter 101, p. 140, Acts 1900, is as follows: "That any laborer, renter, or share-cropper who has contracted with another person for a specified time in writing, not exceeding one year, who shall leave his employer or the leased premises before the expiration of his contract without the consent of the employer or landlord, and makes a second contract without giving notice of the first to said second party, shall be guilty of misdemeanor, and on conviction shall be fined not exceeding fifty dollars." Under this statute it is not enough, to constitute an offense, that one should leave his employer without consent, but he must also make a second contract without giving to the second employer notice of the first contract. It is shown by the evidence that King failed to notify Howard, his second employer, of his previous contract with Nelson. *Peonage Cases* (D. C.), 123 Fed., 684, *et seq.* This statute does not make it criminal to quit an employment, but does make it such to hire to one, while under written contract with another, without notice to the one of the previous contract. It is the hiring without notice which makes the offense. The previous written contract is no part of the offense. It is simply a condition necessary to make the second hiring an offense. Therefore in this case the second hiring, if without notice to Howard, being in Claiborne county, that county was the county of proper venue.

*Reversed and Remanded.*